UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND


DANA BLINKY ANGALET,                    )
                                        )
        Plaintiff,                      )      Civil Action No. 13-CV-146-HRW
                                        )
V.                                      )
                                        )      **MEMORANDUM OPINION
                                        )        AND ORDER**
HOUSING AUTHORITY                       )
OF ASHLAND, et al.,                     )

        Defendants.

                    ****    ****    ****    ****

Dana Blinky Angalet is a resident of Ashland, Kentucky. Proceeding without counsel, Angalet has filed an Emergency Petition and Complaint, pursuant to 42 U.S.C. § 1981, against defendants Housing Authority of Ashland (hereinafter "HAA"); Gray, Woods & Cooper; and United States Department of Housing & Urban Development, alleging that defendant HAA, a federally funded public housing facility, authorized by 42 U.S.C. §§ 1437, *et seq*., has unlawfully discriminated against him, a disabled person. Angalet also requests an order of stay, restraint, and injunctive relief from an Order of the Boyd District Court entered on September 20, 2013. [R. 1]

The Court must conduct a preliminary review of Angalet's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Angalet's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Angalet's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court concludes that summonses must be issued to the defendants and that the defendants are required to respond to the federal claims of unlawful discrimination raised in the Complaint. However, for the reasons stated below, Angalet's request for injunctive relief will be denied.

## FACTUAL BACKGROUND

Mr. Angalet states that he is a disabled person and that for the past fourteen (14) years, he has resided at Scope Towers, 3131 Winchester Avenue, Apt. 905, Ashland, Kentucky. Plaintiff states that Scope Towers is federally funded, public

2

housing.  Plaintiff states that in June of 2013, due to medical issues related to his diabetes, he experienced confusion, resulting in his exhibiting strange behavior. Plaintiff claims that as a consequence of his strange behavior, Mr. Rick L. Young, Executive Director of the HAA, set about to evict him from his apartment in Scope Towers.  More particularly, Plaintiff states that on July 22, 2013, he received a Notice to Terminate Lease and a Notice to Vacate, issued pursuant to Kentucky law, Kentucky Revised Statutes, Chapter 383, and the Code of Federal Regulations, 24 C.F.R. 966.58.

The efforts of HAA to terminate Angalet's lease and to evict him from his apartment resulted in an action being filed in Boyd District Court identified as *Housing Authority of Ashland v. Dana G. Angalet*, Civil Action No. 13-C-00490. This matter culminated in a bench trial conducted on September 19, 2013, with both parties presenting evidence in support of their respective positions.  On September 20, 2013, the Boyd District Court entered its Findings of Fact, Conclusions of Law, & Judgment, ruling in favor of petitioner HAA, concluding that HAA's notice of lease termination conformed to the parties' lease and constituted sufficient notice of lease termination. [R. 1-3, p. 2]  The Boyd District Court also entered the following Judgment:

3

**IT IS THEREFORE ORDERED AND ADJUDGED** that the
Respondent is guilty of a forcible detainer of the Petitioner's premises
located at 3131 Winchester Avenue, Apartment #905, Ashland,
Kentucky, and that restitution of said premises shall be made to the
Petitioner, and the Respondent is hereby Ordered to vacate said property
by 2:00 p.m. on September 27, 2013, and that Petitioner recover from
the Respondent all costs herein expended in the amount of $95.50, and
attorneys' fees in the amount of $5,971.40, as provided for by the terms
of the lease between the parties.

**IT IS THEREFORE ORDERED**, pursuant to KRS 383.275 that
the Respondent is restrained from destruction or waste of the subject
premises.

This is a final and appealable judgment and there is no just cause
for delay.

*Id.*

## THE COMPLAINT

Angalet states that he is a legally blind, disabled person and that in course of

his being evicted from his apartment in a federally-funded public housing facility, the

defendants have unlawfully discriminated against him and that the defendants have

engaged in other unspecified white collar crime. However, Angalet seeks no specific

relief from the defendants for his claimed violations of federal law.

Angalet states that in filing this Complaint, he is not attempting to re-litigate

the state court case in Boyd District Court. He acknowledges that that case has

concluded. Nevertheless, Angalet requests this Court to intervene in the state court

case and stay the Boyd District Court's judgment entered on September 20, 2013,

4

ruling that Angalet had violated the terms of his lease, that HAA properly terminated

Angalet's lease, and that HAA was entitled to evict Angalet from his apartment.

Angalet also requests this Court to enter a permanent restraining order enjoining the

Defendants from a negative or otherwise derogatory reference about him to any

prospective landlord. Additionally, Angalet also states that he needs access to a

landline telephone; he appears to request that the defendants be ordered to provide

him with such.

## ANALYSIS

At this juncture, Angalet is entitled to proceed with his federal claims of

unlawful discrimination against the defendants. To the extent of those claims, the

defendants will be required to respond to Angalet's Complaint.

As to Angalet's request for this Court to stay the judgment of the Boyd District

Court evicting him from his apartment, for entry of a permanent restraining order, and

other relief relative to that judgment, Angalet apparently misunderstands the role of

this Court. To the extent that he wishes to challenge any aspect of his eviction

proceedings in state court, he is advised that a civil action such as this is barred by

*Younger v. Harris*, 401 U.S. 37 (1971) (directing abstention by the federal courts if

matters are pending in a state proceeding as a matter of comity between state and

federal courts). Although the HAA prevailed in its state court petition to evict

5

Angalet from his apartment, that decision is not yet final, since the time in which Angalet has to file an appeal from that decision in Boyd Circuit Court has not expired.

However, since the case is no longer pending, as such, and has been resolved to extent of the Boyd District Court's involvement therein, Angalet is further advised that his claim for injunctive relief from that judgment in this Court is also barred under the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000).

However displeased Angalet is with rulings made by the Boyd District Court in entering a judgment in favor of the HAA authorizing the eviction from his apartment, or with any other aspect of the administration or processing of that case, he can obtain no relief on that matter from this Court. Instead, he must seek relief from the trial court's final decision on that case through the Kentucky state courts,

6

and then, if necessary, file a petition for a writ of certiorari in the Supreme Court of the United States. Since Angalet is challenging a state court decision that was entered on September 20, 2013, it is clear that he has not appealed this matter through the Kentucky state courts. His first step would be to file an appeal in the Boyd Circuit Court. In that appeal, Angalet could request injunctive relief from the Boyd Circuit Court, including a stay of the judgment authorizing the eviction from his apartment on September 27, 2013. If not satisfied with that decision, Angalet could then seek relief from the Kentucky Court of Appeals and then the Kentucky Supreme Court, if necessary, until his state court remedies are exhausted, and then seek relief from the United States Supreme Court.

In a nutshell, Angalet's Complaint, to the extent of his request for injunctive relief from the state court judgment, must be dismissed because it fails to state a claim for which any relief can be granted by this Court.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     Upon being served with process, the named defendants are required to respond to Angalet's claims that he, as a disabled person, has been the victim of unlawful discrimination, in violation of federal law.

7

2.    Angalet's claims for injunctive relief from the Judgment of the Boyd District Court entered on September 20, 2013, authorizing the eviction from his apartment, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which any relief can be granted by this Court.  Angalet is free to refile these same claims for injunctive relief in state court.

This 26th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

8